IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Eric Alan Sanders, | ) | C/A No.: 1:19-2511-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Julianna Michelle Childs, Paige Jones Gossett, Jane Doe, and John Doe, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Eric Alan Sanders ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against United States District Judge Julianna Michelle Childs ("Judge Childs"), United States Magistrate Judge Paige Jones Gossett ("Judge Gossett"), Jane Doe, and John Doe (collectively "Defendants"), alleging violations of his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint with prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff filed a complaint on September 6, 2019, generally alleging Defendants conspired to violate his Constitutional rights under the First,

Fourth, and Fourteenth Amendments and his statutory rights under 42 U.S.C. § 1981(a), 42 U.S.C. § 2000e–5(f), and 42 U.S.C. § 12117(a). [ECF No. 1 at 5]. He claimed Judge Childs and Judge Gossett, who presided over his employment discrimination claims in C/A Nos. 1:14-3509-JMC-PJG, 0:15-586-JMC-PJG, and 0:15-2313-JMC-PJG, violated his Constitutional and statutory rights by recommending and ordering summary judgment in favor of the defendants he had sued.[1]

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C.

---

[1] The Fourth Circuit Court of Appeals affirmed the orders granting summary judgment in all three cases. *See Sanders v. Lowe's Home Centers, LLC*, 740 Fed. App'x 41 (4th Cir. 2018); *Sanders v. Family Dollar Stores, Incorporated*, 696 Fed. App'x 101 (4th Cir. 2017); *Sanders v. Wal-Mart Stores East, L.P.*, 686 Fed. App'x 240 (4th Cir. 2017).

2

§ 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Judicial Immunity

It is well established that judges have absolute immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*,

502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). In *Stump*, the court clarified that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." 435 U.S. at 362.

The allegations in Plaintiff's complaint address actions taken by Judge Childs and Judge Gossett in Plaintiff's three prior civil cases against his former employers. [ECF No. 1 at 5]. He maintains the judges violated his rights by granting the defendants' motions for summary judgment instead of permitting him to proceed with his claims. *Id.* at 5–6. Plaintiff indicates he interacted with Judge Childs and Judge Gossett in their official capacities and describes their actions as falling within the scope of those normally performed by judges. Therefore, Judge Childs and Judge Gossett are entitled to absolute judicial immunity.

2. Failure to State a Claim

Although the liberal pleading requirement of Fed. R. Civ. P. 8(a) requires only a short and plain statement of the claim, a plaintiff must "offer more detail

4

. . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). The court's requirement to liberally construe pro se complaints does not necessitate the court accept a conclusory statement as a valid statement of a claim. *See Weller* at 399 (upholding district court's dismissal of claims against defendants on the basis that "there were not allegations against those defendants to implicate them in the alleged due process violation").

Plaintiff alleges "the above-named defendants," to include Jane Doe and John Doe, "conspired to violate [his] Constitutional rights under the First, Seventh, and Fourteenth Amendment[s], 42 U.S.C. § 1981(a), 42 U.S.C. § 2000e–5(f), and 42 U.S.C. § 12117(a)." [ECF No. 1 at 5]. He sets forth specific allegations as to Judge Childs and Judge Gossett, but provides no allegations against Jane Doe or John Doe to implicate them in any alleged Constitutional or statutory violations. Therefore, Plaintiff has failed to state claims against Jane Doe and John Doe.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss the complaint with prejudice[2] and without issuance and service

---

[2] Because the claims against Judge Childs and Judge Gossett would ultimately fail if allowed to proceed, the undersigned recommends the district judge order the dismissal with prejudice.

5

of process.

    IT IS SO RECOMMENDED.

September 10, 2019                              Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).