IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric Alan Sanders,<br><br>              Plaintiff,<br>vs.<br><br>Julianna Michelle Childs, Paige Jones Gossett, Jane Doe, and John Doe,<br><br>              Defendants. | Civil Action No. 3:19-cv-2511-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. ECF No. 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On September 10, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process based on judicial immunity as to Judges Childs and Gossett, and failure to state a claim as to the Doe Defendants. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on September 18, 2019. ECF No. 20.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] Plaintiff also filed a Motion for Three-Judge Panel. ECF No. 21. This motion is denied. The procedures in 42 U.S.C. § 2000e-6(b) concern actions by the Attorney General, or, after March 24, 1974, the EEOC who can request the pattern or practice Complaint be heard by a three-judge panel. Plaintiff is not entitled to a three-judge panel to adjudicate his private claims for pattern or practice in employment against Defendants who are not his employer(s).

court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation the case be dismissed.  As noted by the Magistrate Judge, Judges Childs and Gossett are entitled to absolute judicial immunity, and Plaintiff has made no allegations against Jane or John Doe.

None of Plaintiff's objections alter these conclusions.  He argues the Report is incorrect in stating Plaintiff's claims are about the summary judgment granted to the defendants in three previous discrimination lawsuits against various employers.  ECF No. 20.  Instead, he argues, Judges Childs and Gossett "violated his Constitutional rights by refusing to exercise jurisdiction over claims meeting all of the prerequisites for filing a federal action."  *Id.* at 4.  In each of his three previous cases, he claims, certain causes of action were dismissed for lack of jurisdiction without discussing the merits.  *See id.* at 4-8.  He also contends the Magistrate Judge misconstrued his claims in the instant case, and therefore the rulings in the Report are "clearly erroneous."  *Id.*

2

at 9. He distinguishes the cases cited by the Report on their facts based on the type of claims and judges (state versus federal) at issue. *Id.* He argues his claims must "proceed because they meet the criteria set forth in Rule 11(b) of the Federal Rules of Civil Procedure," and that his claims against the Doe defendants should proceed because he "alleges a conspiracy to deprive [him] of civil rights and needs discovery to properly identify co-conspirators." *Id.* at 11.

The court finds these objections unavailing. Judges Childs and Gossett have absolute judicial immunity, and no set of facts would allow a plaintiff to sue them for judicial actions. No matter what Plaintiff objects to regarding the adjudication of his previous employment cases, the actions of Judges Childs and Gossett regarding those cases are entitled to absolute judicial immunity. Immunity applies to state and federal judges regardless of the type of claim made in the underlying case. Applying this law to the facts as alleged by Plaintiff, it is clear he cannot bring suit against these Defendants as he challenges their judicial actions in connection with his previous civil cases. This deficiency cannot be remedied through an amended pleading, as Plaintiff's complaints are all related to the adjudication of his previous cases. Therefore, the claims alleged against Judges Childs and Gossett are dismissed with prejudice.

The court further agrees with the Report regarding the Doe Defendants. Although Plaintiff requests in his objections to proceed to discovery to "properly identify co-conspirators," Defendant Judges Childs and Gossett are dismissed and there is no case to proceed as Plaintiff alleged no facts against any additional defendants.

3

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's motion (ECF No. 21) is denied. This matter is hereby dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 19, 2019