IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric Alan Sanders,<br><br>   Plaintiff,<br>vs.<br><br>Julianna Michelle Childs, Paige Jones Gossett, Jane Doe, and John Doe,<br><br>   Defendants. | Civil Action No. 3:19-cv-2511-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion to alter/amend pursuant to Fed. R. Civ. P. 59(e). ECF No. 26. Plaintiff argues several grounds for amendment: (1) the court misunderstood his request for a three-judge panel, which should be granted under 42 U.S.C. § 12117(a); (2) pattern and practice claims are not limited to employers or former employers, and so his claim should be allowed to proceed; (3) Judges Childs and Gossett should not receive absolute judicial immunity; (4) the court should not have adopted the Magistrate Judge's Report because it misconstrued his claims; (5) the court should include a ruling that the United States waived sovereign immunity; (6) the court should rule all litigants proceeding under § 12117(a) "have a right to pursue a federal suit on all claims raised . . . and that no Magistrate or District Judge has the authority to deny this right. . . ." *Id.*

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiff appears to argue manifest injustice would occur if his Rule 59(e) motion is not granted. However, his motion does not meet this standard. The Report and this court's previous Order explained why the relief Plaintiff seeks is not available. Merely because Plaintiff disagrees with these rulings does not mean they require alteration.

Plaintiff is not entitled to a three-judge panel under either 42 U.S.C. § 2000e-6b or § 12117(a), which refers to § 2000e-6b. Judges Childs and Gossett have absolute judicial immunity, despite Plaintiff's arguments to the contrary, and this court cannot waive that immunity or find it does not apply in this case, because the actions Plaintiff alleges violate his rights were directly related to the administration of his previous employment cases. Plaintiff appears to allege Judges Childs and Gossett were involved in discrimination by not allowing his employment related claims to move past the pleadings stage, and thereby were involved in keeping him from employment. However, these claims are subject to absolute judicial immunity as related to his previous civil

cases and the judges' judicial functions therein.[1] The court notes judicial immunity is different from sovereign immunity, as Plaintiff attempts to "extend" the waiver of sovereign immunity in § 2000e-6b to "the judicial branch and federal judges and magistrates."

Plaintiff's arguments conflate separate issues, are unavailing, and fail to meet the standard required for a Rule 59(e) motion. Accordingly, the motion (ECF No. 26) is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 7, 2019

---

[1] Further, the court regularly reviews *pro se* complaints for viable claims when the *pro se* litigant is proceeding under 28 U.S.C. § 1915 (as Plaintiff was), which allows a litigant to proceed without paying the filing fee for his case. *See* § 1915(e)(2)(B)(i), (ii).